IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KENNETH LEVON ROCK,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | NO. 5:25-cv-00134-MTT-CHW |
| : | |
| **SGT. BENSON,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER & RECOMMENDATION

Plaintiff Kenneth Levon Rock, a prisoner in Wilcox State Prison in Abbeville, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion for leave to proceed IFP is **GRANTED**, as discussed below, and thus, his complaint is ripe for preliminary review.

On preliminary review, Plaintiff will be permitted to proceed for further factual development on his claim that Defendant Sergeant Benson used excessive force against Plaintiff. It is **RECOMMENDED** that Benjamin Raines be **DISMISSED WITHOUT PREJUDICE** as a plaintiff in this action. It is also **RECOMMENDED** that any claims against the Security Threat Group be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### MOTION FOR LEAVE TO PROCEED IFP

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to

pay the cost of commencing this action, his application to proceed IFP is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, shall each month cause to be remitted to the clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said

institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the clerk of court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding

3

IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery

4

will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    Factual Allegations

In his complaint, Plaintiff asserts that, on June 20, 2024, he was leaving breakfast at the Georgia Diagnostic and Classification Prison when Sergeant Benson approached and asked Plaintiff a question. ECF No. 1 at 5. Plaintiff leaned over to set his breakfast tray on the floor so that he could stand at attention when addressing Sergeant Benson, as he has been instructed to do when speaking to prison staff. *Id.* When Plaintiff stood back up, however, Benson began punching Plaintiff. *Id.* Other inmates yelled at Plaintiff to fight back, but Plaintiff did not do so. *Id.*

At one point, Plaintiff passed out, and Benson continued to punch him to wake him back up. *Id.* at 6. Plaintiff attempted to walk away and go back to his dorm, but Benson followed Plaintiff while continuing to punch him in his stomach and in other parts of his body. *Id.* As this was going on, a young, black female told Benson to stop, but he still did not stop. *Id.* Eventually, Benson punched Plaintiff so hard that Plaintiff passed out a second time. *Id.*

Plaintiff woke up on the floor outside of the dorm. *Id.* Plaintiff ran into the dorm and asked what had happened. *Id.* Plaintiff went to medical the next day, but medical staff refused to help him because an officer was involved in the incident. *Id.* Plaintiff told several officers what had happened and explained that he was afraid to report Benson because he feared retaliation. *Id.* at 6-7. After he was transferred to Wilcox State Prison, Plaintiff discussed the incident with "a special agent or internal affairs" officer. *Id.*

### III. Plaintiff's Claims

#### A. Sergeant Benson

Plaintiff's allegations against Sergeant Benson raise a potential claim for excessive force. The Eighth Amendment clearly prohibits the unnecessary and wanton infliction of pain, the infliction of pain without penological justification, and the infliction of pain grossly disproportionate to the severity of the offense. *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). To state an Eighth Amendment claim in this context, a plaintiff must allege conduct by a defendant that was objectively harmful enough to establish a constitutional violation and that the

defendant acted with a sufficiently culpable state of mind, *i.e.*, that the defendant acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Here, Plaintiff asserts that Sergeant Benson punched him repeatedly in the stomach and other parts of his body, causing Plaintiff to pass out twice. Moreover, accepting Plaintiff's allegations as true, Sergeant Benson appears to have punched Plaintiff without any provocation or justification. Thus, these allegations are sufficient to allow Plaintiff to proceed for further factual development on a claim against Sergeant Benson.

### B. Additional Parties

#### 1. Benjamin Raines

In the caption of the complaint, Plaintiff included another inmate, Benjamin Raines, as a second plaintiff to the complaint. ECF No. 1 at 1. Plaintiff also listed Raines as a potential witness to the events discussed in the complaint, but he did not include any factual allegations to suggest that Raines has any personal interest in the claims raised in this action. *See id.* at 5-8.

Regardless, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (affirming the district court's dismissal of a multi-plaintiff action under the PLRA on the ground "that each plaintiff had to file a separate complaint and pay a separate filing fee"). Moreover, a *pro se* plaintiff may not represent the interest of other prisoners. *See, e.g.*,

7

*Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Thus, Raines is not a proper plaintiff to this case. It is therefore **RECOMMENDED** that any claims on behalf of Raines be **DISMISSED WITHOUT PREJUDICE** from this action.

### 2. Security Threat Group

It is unclear from the caption whether Plaintiff intended to include the Security Threat Group as a defendant to the complaint or whether, instead, Plaintiff was merely indicating that Sergeant Benson was part of the Security Threat Group. Plaintiff does not identify any actions taken by the Security Threat Group, and even if he had, § 1983 requires "an affirmative causal connection between the actions taken by a particular person under color of state law and [a] constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Thus, Plaintiff must allege specific facts as to individual defendants and cannot state a claim against the Security Threat Group generally. Accordingly, it is **RECOMMENDED** that any claim against the Security Threat Group be **DISMISSED WITHOUT PREJUDICE**.

### IV. Conclusion

For the reasons set forth above, Plaintiff will be permitted to proceed for further factual development on his claim that Defendant Sergeant Benson used excessive force against Plaintiff. It is **RECOMMENDED** that Benjamin Raines be **DISMISSED**

**WITHOUT PREJUDICE** as a plaintiff in this action. It is also **RECOMMENDED** that any claims against the Security Threat Group be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order & Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Sergeant Benson, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of

expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 28th day of May, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge